In the Matter of the Claim of Genevieve Juda, Respondent, against Bond Clothes, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, April 24, 1954.

*Nixon, Hargrave, Devans & Dey* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Charles J. O'Brien* for claimant-respondent.

*Per Curiam.* The board has found that the decedent, who was claimant's husband, sustained an accident while lifting a loaded carton weighing 100 pounds due to " unusual overexertion, effort and strain " which caused his death from a thrombosis of the coronary artery.

The proof of unusual strain in lifting, or of any association between the work and the decedent's death, on the record before us, considered as a whole, is not substantial.

The association depends on the testimony of a fellow employee who was asked if he had a conversation with the decedent on the day he died " about lifting ". He answered: " Lifting, no ". He was then asked if decedent said he had lifted a box and strained himself. The answer was that he did say this " to a certain extent ".

The witness was asked for further details. He said decedent told him " I got gas on my stomach ". The witness was pressed further about " lifting the box and straining himself " and

answered that the decedent said " He must have strained himself lifting the box ". He was asked further about the conversation and answered that decedent " Said he had gas on his stomach ". Later in the record he testified, when further pressed on the lifting of the box and clutching his left chest, that " I didn't say clutching his left chest. The only thing I recall is when he came out of the men's room he said he had gas on his stomach ".

Pressing along this line on many questions, counsel grouped facts together in a summary and asked the witness whether decedent had not told him " in words or substance " that he had lifted a box and strained himself. To this question thus summarized the witness gave an assent by adopting the conclusion of the question in an answer stating " That's right."

An answer " that's right " to a summary of " words or substance " is not testimony of any fact and when its thinness is seen against the background of what the witness actually said previously by way of stating the facts of the conversation there is no substantial evidence on the record seen as a whole to support the finding of an accident. The facts ought to be re-examined if the board considers re-examination warranted.

The award should be reversed and the claim remitted to the board for its further proceedings, with costs to appellants against the Workmen's Compensation Board.

Foster, P. J., Bergan, Coon and Imrie, JJ., concur.

Award reversed and the claim remitted to the board for its further proceedings, with costs to the appellants against the Workmen's Compensation Board.